## VOORHEES v. KINGS COUNTY EL. R. CO.

(City Court of Brooklyn, General Term, January 25, 1893.)

ELEVATED RAILROAD—INJURY TO PASSENGER—FALLING WINDOW.

In an action against an elevated street-railroad company for injuries caused by a window of a car falling on plaintiff's finger while he was a passenger, he cannot recover, in the absence of proof that the window was raised to the proper height to be held by the catch if in proper order, at the time he placed his hand in the window, and that the catch was defective.

Appeal from trial term.

Action by D. Stryker Voorhees against the Kings County Elevated Railroad Company for personal injuries caused by defendant's negligence. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Hirsh & Rasquin, for appellant.

W. W. Culver, for respondent.

CLEMENT, C. J. The plaintiff was a passenger on defendant's train, and, while seated, placed his right arm on the sill of the open window, which suddenly fell and struck his little finger, whereby he sustained an injury. Plaintiff, on his direct examination, testified that he knew that the window, prior to its fall, was held by the catch, but on cross-examination admitted that he knew nothing about it, except that the window was up. It is just as probable that the window was not raised to the proper height as that the catch was defective. A passenger on an elevated car should either not place his hand on the window sill, or, if he does, should look and see that the window is raised, so that the catch rests upon the lip. The company, except in very warm weather, leaves it to the passenger to determine whether the window shall be up or down, and a railroad employe is not bound to look, every time that a window is raised by a passenger, and see that it is put up to the proper height. We think that it was the duty of the plaintiff, before placing his hand under the window, to look and see that it was caught; and that the company was not negligent, unless the catch was defective, of which there was no proof in the case. Judgment and order denying new trial reversed, and a new trial granted, with costs to appellant to abide the event.